City of West Allis, Plaintiff-Respondent,
v.
Robert C. Braun, Defendant-Appellant.
No. 03-3315.
Court of Appeals of Wisconsin.
Opinion Filed: December 28, 2004.
¶1 KESSLER, J.[1]
Robert C. Braun appeals pro se from a judgment convicting him of violating §6.02 of the West Allis Revised Municipal Code, adopting WIS. STAT. § 943.13(1m)(b), prohibiting unlawful trespass to land. Braun argues that the trial court erroneously refused to rule on his "subject matter jurisdictional challenge" and that the trial court's avoidance of that issue was an erroneous exercise of discretion. This court affirms the trial court judgment.

BACKGROUND
¶2 The civil forfeiture at issue arose out of an incident that took place at Nathan Hale High School in November 2001. The background facts are undisputed. Braun went to the high school during evening parent-teacher conferences and distributed flyers just outside the entrance to the school. The school principal told Braun to leave; he refused. The police were called and two police officers told Braun to leave; he again refused. He was informed that he would be arrested if he did not leave. When Braun still refused to leave, he was arrested for disorderly conduct.
¶3 The municipal citation for disorderly conduct was dismissed without prejudice. Braun subsequently received in the mail a municipal citation for unlawful trespass. The municipal court found Braun guilty. He appealed to the circuit court.
¶4 Braun filed a motion entitled "Motion to Dismiss for Failure to State a Claim," alleging that the citation was a misapplication of law to the undisputed facts for a variety of reasons, including that he was not specifically warned that he could be designated a "trespasser." The trial court interpreted the motion as a challenge to probable cause.[2] It then ordered the City of West Allis to replace its citation pleading with a formal complaint so that the court could fully consider the motion. The formal pleading alleged that Braun
did on November 19, 2001, at approximately 5:26 p.m., remain on the land located at 11601 West Lincoln Avenue, commonly referred to as Nathan Hale High School, after having been notified by the occupant not to remain on the premises, contrary to sec. 6.02 of the West Allis Municipal Code, adopting sec. 943.13(1m)(b) of the Wisconsin Statutes.
The complaint also supplied information from the statements of the principal and police officers.
¶5 At a subsequent hearing, the trial court ruled from the bench that "the complaint states probable cause, and therefore, the motion to dismiss for lack of probable cause is going to be denied." The case proceeded to a jury trial. The jury found Braun guilty of violating the ordinance. The trial court imposed a forfeiture of $162. This appeal followed.

DISCUSSION
¶6 In his brief, Braun candidly states that although he raised other issues at the trial court, he "has abandoned other issues of law" and "has opted for his strongest argument and will only present that." Although he has framed the issue as whether the trial court gave appropriate consideration to his legal challenge to the complaint, his appeal boils down to whether, as a matter of law, one can violate WIS. STAT . § 943.13(1m)(b) (and ordinances adopting that statute) if one is not explicitly told that he or she is trespassing and may be so charged. This is a question of law capable of resolution of this court. See State v. Greve, 2004 WI 69, ¶6, 272 Wis. 2d 444, 681 N.W.2d 479 ("The interpretation of a statute is a question of law that we review de novo."). Accordingly, this court declines to analyze the trial court's consideration of the issue and, instead, will directly address the legal issue presented.[3]
¶7 At the outset, it is important to note what Braun is not arguing on appeal. He is not challenging the right of the school district to order him to leave the property. He is not challenging the authority of the principal to speak on behalf of the school district. He is not claiming his constitutional free speech rights have been violated.[4] Rather, he contends that the complaint did not plead facts sufficient to find him guilty of unlawful trespass because it failed to allege that Braun had been "informed that [he was] trespassing in violation of said statute." Braun apparently complains that the word "trespass" was not included in the warnings he was given that he must leave the school premises. He explains:
Before one can be charged with violating [WIS. STAT. § 943.13(1m)(b)], the accused must be informed that they are trespassing in violation of said statute.... The word "trespass" was not used by anyone at the scene of Braun's arrest, much less the statute now relied upon. During the confrontation between the unyielding Braun and the government agents the only accusation made was that Braun was in violation of the West Allis Ordinance called Disorderly Conduct.
¶8 Resolution of this legal question requires interpretation of WIS. STAT. § 943.13(1m)(b). The statute provides in relevant part:
(1m) Whoever does any of the following is subject to a Class B forfeiture:
....
(b) Enters or remains on any land of another after having been notified by the owner or occupant not to enter or remain on the premises.
WIS. STAT . § 943.13(1m). This court concludes that §943.13(1m)(b) does not require that the owner or occupant (1) specifically tell the alleged trespasser that he will be charged with trespassing; or (2) identify the specific statute or ordinance that he or she is violating. The plain language of the statute requires simply that the owner or occupant notify the person "not to enter or remain on the premises." No case law has held otherwise.
¶9 Applying the plain language of the statute to the complaint in this case, this court agrees with the trial court that the complaint was sufficient. It explicitly tracked the language of WIS. STAT . § 943.13(1m)(b), alleging that Braun had remained on the premises "after having been notified by the occupant not to remain on the premises." In support of this allegation, it provided information concerning the incident from the statements of the school principal and two officers. The complaint was not required to allege, and the City was not required to prove, that the principal or officers explicitly used the word "trespass" when they warned Braun that he was not authorized to remain on the premises and could be arrested if he persisted in his refusal to leave. This court rejects Braun's challenge to the sufficiency of the complaint and affirms the judgment.
By the Court.  Judgment affirmed.
NOTES
[1] This case is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] The Honorable John Siefert heard the motion. The case was later transferred to the Honorable Michael Skwierawski, who conducted the trial.
[3] This approach is consistent with the remedy Braun seeks. His conclusion states, "Because Subject matter jurisdiction is lacking for failure of notification or warning that he could be charged as a trespasser, Bob Braun prays that this action be dismissed."
[4] Braun has previously sued the police officers, the principal, the school board, the City of West Allis and others for alleged violation of his constitutional rights arising out of the same facts at issue here. That case was dismissed when summary judgment was granted in favor of all defendants. See Braun v. City of West Allis, No. 03-C-005, unpublished slip op. (E.D. Wis. June 3, 2004).